UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALEJANDRO ZAPATA VELASQUEZ,<br><br>Petitioner,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary of Homeland Security, et al.,<br><br>Respondents. | Case No.:  26-cv-327-RSH-DDL<br><br>**ORDER DISMISSING PETITION** |

On January 20, 2026, petitioner Jose Alejandro Zapata Velasquez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts (the "Habeas Rules") requires summary dismissal of a federal habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also*

Habeas Rule 1(b) (permitting district courts to apply Habeas Rules to Section 2241 habeas proceedings); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss Section 2241 petition).

Petitioner alleges that his immigration detention, since his arrest less than two months ago on November 26, 2026, "violates the Constitution and controlling Supreme Court precedent." ECF No. 1 at 1. Petitioner further states that "he has a political asylum application in process." *Id.* at 2. Petitioner provides no authority establishing that a period of immigration detention of that length, pursuant to a statutory scheme of mandatory detention,[1] violates due process in the circumstances here. The Court is not aware of any authority that would compel release or a bond hearing in Petitioner's circumstances. Petitioner is not entitled at this time to obtain from this Court the relief he seeks in the Petition.

Accordingly, the Petition is **DISMISSED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: January 23, 2026

_____
Hon. Robert S. Huie
United States District Judge

---

[1] *See* 8 U.S.C. § 1225(b)(1)(B)(ii) (providing that where a noncitizen is found to have a credible fear or persecution, "the alien shall be detained for further consideration of the application for asylum").

2